Mr. Morgan Smith Commissioner Department of Agriculture 406 State Services Building 1525 Sherman Street Denver, Colorado 80203
Dear Commissioner Smith:
I am in receipt of your letter dated April 18, 1979, in which you request an attorney general opinion concerning the appropriate guidelines to be followed by the staff of the Milk Marketing Board, as state employees, in reporting to appropriate law enforcement authorities possible violations of the law which they discover in the course of their official duties.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Is there any responsibility on the part of state employees to report to appropriate law enforcement authorities possible violations of the law which they discover in the course of their official duties?
My conclusion is "yes."
ANALYSIS
Since the answer to your question substantially impacts upon the duties of state employees in general, this attorney general opinion will focus on the question whether there exists any responsibility of state employees to report to appropriate law enforcement authorities possible violations of the law which they discover in the course of their official duties.
The answer to the above question is in the affirmative. During the 1979 session of the legislature, H.B. 1110 was enacted. This legislation in part amended article VIII of title 18 to require every person or corporation to promptly report a suspected crime where there exists reasonable grounds to believe that a crime has been committed. It states:
 Duty to report a crime — It is the duty of every corporation or person who has reasonable grounds to believe that a crime has been committed to report promptly the suspected crime to law enforcement authorities. When acting in good faith, such corporation or person shall be immune from any civil liability for such reporting. This duty shall exist notwithstanding any other provision of law to the contrary; except that this section shall not require disclosure of any communication privileged by law.
The operative language for when a person or corporation must report suspected criminal activity is that of "reasonable grounds to believe that a crime has been committed." The courts of this state have not developed a precise definition of the term "reasonable grounds to believe that a crime has been committed" but have examined situations on their own particular facts. SeePeople v. McPherson, 191 Colo. 81 (1976); Peoplev. Gurule, 172 Colo. 159, 471 P.2d 413 (1970). It is clear that the facts of each particular case must be judged against an objective standard: would the facts available to the individual warrant a person of reasonable caution to conclude a crime has been committed. People v. Gurule, supra, at 165. Mere speculation based on little or no evidence of the commission of a crime will not amount to reasonable grounds to believe that a crime has been committed.
At the present time, it is possible for each department to formulate their own internal procedures for the reporting of criminal activity pursuant to C.R.S. 1973, 18-8-115. Where a department formulates such procedures, they should be in conformity with the above discussion and applied equally to all employees.
SUMMARY
State employees have a duty to report a crime when they have reasonable grounds to believe a crime has been committed as a result of information discovered in the course of their official duties.
It is my hope that this opinion satisfies your needs.
Very truly yours,
 J.D. MacFARLANE Attorney General
PUBLIC OFFICERS EMPLOYEES, PUBLIC
C.R.S. 1973, 18-8-115
AGRICULTURE, STATE DEPT. Milk Market Bd.
State employees have a duty to report a crime when they have reasonable grounds to believe a crime has been committed as a result of information discovered in the course of their official duties.